UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN A. WILLIAMS,

                         Plaintiff,

-against-                                 23-CV-4438 (PGG)

PLAZA REHABILITATION AND NURSING        ORDER OF SERVICE
CENTER; JOHN TAYOR; CRYSTAL
ROEBUCK; RICARDO GRAHAM,

                         Defendants.

PAUL G. GARDEPHE, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, the Age Discrimination in Employment Act of 197, 29 U.S.C. §§ 621-634, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her sex, perceived disability, and age. By order dated May 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*.

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued The Court therefore extends the time to serve until 90 days after the date summonses are issued.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Plaza Rehabilitation and Nursing Center, John Taylor, Crystal Roebuck, and Ricardo Graham through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to: (1) complete the USM-285 forms with the addresses for the named Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service; and (2) mail an information package to Plaintiff.

SO ORDERED.

Dated:  June 26, 2023
        New York, New York

*Paul S. Gardephe*
_____
PAUL G. GARDEPHE
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Plaza Rehabilitation and Nursing Center
   100 West Kingsbridge
   Bronx, New York 10468

2. John Taylor
   Plaza Rehabilitation and Nursing Center
   100 West Kingsbridge
   Bronx, New York 10468

3. Crystal Roebuck
   Plaza Rehabilitation and Nursing Center
   100 West Kingsbridge
   Bronx, New York 10468

4. Ricardo Graham
   Plaza Rehabilitation and Nursing Center
   100 West Kingsbridge
   Bronx, New York 10468