UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN A. WILLIAMS,

        Plaintiff,

-against-

THE PLAZA REHABILITATION AND
NURSING CENTER, et al.,

        Defendants.

23-CV-4438 (PGG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On October 10, 2023, the Court ordered plaintiff to amend her complaint no later than November 9, 2023. (Dkt. 28.) The deadline has passed, but plaintiff has not filed an amended complaint. In light of plaintiff's pro se status, the Court, on its own motion, EXTENDS her deadline to amend until **December 11, 2023**. No further extensions will be granted.

The Court's October 10 Order is attached to this order. All remaining provisions of that Order remain in effect.

Dated: New York, New York
       November 16, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 10/10/2023 |
| ROBIN A. WILLIAMS,<br><br>            Plaintiff,<br><br>-against-<br><br>THE PLAZA REHABILITATION AND<br>NURSING CENTER, et al.,<br><br>            Defendants. | 23-CV-4438 (PGG) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has now been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, and for report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). All pretrial motions and applications must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

### Order to Amend

Plaintiff, who is proceeding *pro se*, alleges that defendants discriminated against her at her workplace on the basis of her "race, age, [and] gender." Compl. (Dkt. 1) at ECF p. 2. In the fact section of her Complaint, plaintiff states that she was threatened with violence by her supervisor, individual defendant John Taylor, and that Ricardo Graham, another individual defendant, "told the entire staff building" that she was "having sexual relations with him." *Id.* at ECF p. 5. Plaintiff also attaches a right-to-sue letter from the United States Equal Employment Opportunity Commission (EEOC). (Dkt. 1-1.)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule

8(d)(1) requires that each allegation be "simple, concise, and direct." As explained by the United States Supreme Court:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of elements of a cause of action will not do.'" *Id.* (citation omitted). The Supreme Court also held that "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). This plausibility standard applies to all federal complaints, including employment discrimination complaints. *See EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (holding that a discrimination complaint "must at a minimum assert nonconclusory factual matter sufficient to nudge[ ] [its] claims . . . across the line from conceivable to plausible to proceed . . . .") (cleaned up).

Plaintiff's allegations, at present, are insufficient to state plausible claims of discrimination. In particular, plaintiff does not provide any facts that suggest that she was discriminated against because of her race, because of her gender, or because she is aged 40 or older.[1] Plaintiff is therefore directed to submit an amended complaint in which she identifies her race, gender, and age, and provides facts from which an inference can be made that she was discriminated against *because of* these characteristics. To establish a *prima facie* case of age discrimination, "a plaintiff must show

---

[1] The Court notes that the Age Discrimination in employment Act (ADEA) "prohibits discrimination in employment on the basis of age against persons aged 40 or older." *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 194 (2d Cir. 2007) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). The ADEA does not prohibit discrimination against younger individuals. *See Johnson v. Wendy's Corp.*, 2021 WL 243055, at *5 (S.D.N.Y. Jan. 25, 2021) (collecting cases).

membership in the protected age group, qualifications for the jobs at issue, an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination." *D'Cunha*, 479 F.3d at 195. Similarly, to establish a *prima facie* case of race or gender discrimination, the plaintiff must show that she is "within a protected group," was "qualified for the position," was subject to an "adverse employment action," and that "the adverse action occurred under circumstances giving rise to an inference of discrimination based on membership in the protected group." *Tappe v. All. Cap. Mgmt. L.P.*, 177 F. Supp. 2d 176, 180 (S.D.N.Y. 2001). "For sexual harassment to be actionable, it must be sufficiently severe or pervasive . . . to alter the conditions of the [plaintiff's] employment and create an abusive workplace environment." *Redd v. New York Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012) (cleaned up). "And, of course, the plaintiff must establish that the hostile or abusive treatment was because of his or her sex." *Id.*

Here, although plaintiff alleges that she was subjected to discrimination based on her age, race, and gender, the Complaint does not state her age (including whether she is over 40) or identify her race. Nor does plaintiff allege that she was subject to any adverse employment action "under circumstances giving rise to an inference of discrimination" based on a protected characteristic.

Plaintiff is hereby granted leave to amend her complaint to detail her claims as specified above, and directed to do so no later than **November 9, 2023**, using the attached employment discrimination complaint form. To the greatest extent possible, plaintiff's amended complaint must:

(a) identify her age, race, and gender;

(b) give the names and titles of all relevant persons;

(c) describe all relevant events, stating the facts that support plaintiff's case, including what each defendant did or failed to do;

3

(d) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

(e) give the location where each relevant event occurred;

(f) describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and

(g) state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

If necessary, plaintiff may attach additional pages to elaborate on the facts specific to each of her claims.

### *Pro Se* Parties

Plaintiff is hereby notified that *pro se* parties may file pleadings, letters, and other documents with the Court by using any of the following methods:

(a) **Drop off** the documents in the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, New York, 10007.

(b) **Mail** the documents to the Pro Se Intake Unit in Room 105 in the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007.

(c) **Email** the documents to Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing documents by email may be found on the Court's website at nysd.uscourts.gov/forms/instructions-filing-documents-email.

Plaintiff may wish to contact the New York Legal Assistance Group (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the Court. It cannot accept filings on behalf of the Court, which must still be made by any pro se party through the Pro Se Intake Unit.

To receive limited-scope assistance from the clinic, parties may complete the clinic's intake form on their computer or phone at: https://tinyurl.com/NYLAG-ProSe-OI. If parties have

questions regarding the form or they are unable to complete it, they may leave a voicemail at (212) 659-5190. The Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. A copy of a flyer with details about the clinic is attached to this Order.

The Clerk of Court is respectfully directed to close the motion at Dkts. 19 and 23.

Dated: New York, New York         SO ORDERED.
       October 10, 2023

                                  _____
                                  **BARBARA MOSES**
                                  **United States Magistrate Judge**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Write the full name of each plaintiff.

-against-

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

_____CV_____
(Include case number if one has been assigned)

Do you want a jury trial?
☐ Yes    ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.   PARTIES

A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                Middle Initial           Last Name

_____
Street Address

_____
County, City                          State                    Zip Code

_____
Telephone Number                      Email Address (if available)

B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City                State                Zip Code

Defendant 2: _____
             Name

             _____
             Address where defendant may be served

             _____
             County, City                State                Zip Code

Page 2

Defendant 3:

Name

Address where defendant may be served

County, City                State                Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

Name

Address

County, City                State                Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race:

☐ color:

☐ religion:

☐ sex:

☐ national origin:

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

   My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

   I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

   My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

   My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

   _____

IV.   STATEMENT OF CLAIM

A.   Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

B.   Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____
_____
_____
_____
_____
_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

V.   **ADMINISTRATIVE PROCEDURES**

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐   Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

☐   No

Have you received a Notice of Right to Sue from the EEOC?

☐   Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

☐   No

VI.   **RELIEF**

The relief I want the court to order is (check only those that apply):

☐   direct the defendant to hire me

☐   direct the defendant to re-employ me

☐   direct the defendant to promote me

☐   direct the defendant to reasonably accommodate my religion

☐   direct the defendant to reasonably accommodate my disability

☐   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|
| First Name     Middle Initial | Last Name |
| Street Address | |
| County, City     State | Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at [www.pacer.uscourts.gov](www.pacer.uscourts.gov) or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) ([www.pacer.uscourts.gov](www.pacer.uscourts.gov)) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# Services Provided for Self-Represented Litigants in the Southern District of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

