UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

ROBIN A. WILLIAMS,

                Plaintiff,

    -against-

THE PLAZA REHABILITATION AND
NURSING CENTER, JOHN TAYLOR,
CRYSTAL ROEBUCK, and RICARDO
GRAHAM,

                Defendants.

**ORDER**

23 Civ. 4438 (PGG) (BCM)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, pro se Plaintiff Robin A. Williams – who is proceeding in forma pauperis – brings claims of age, gender, and race discrimination against Defendants The Plaza Rehabilitation and Nursing Center, John Taylor, Crystal Roebuck, and Ricardo Graham (collectively "Defendants").  (Cmplt. (Dkt. No. 1))

        This Court referred this case to Magistrate Judge Barbara Moses for general pretrial supervision on August 24, 2023.  (Dkt. No. 13)  On October 6, 2023, the Court expanded the reference to include a report and recommendation concerning any dispositive motions.  (Dkt. No. 27)  On December 18, 2023, Judge Moses issued a Report and Recommendation ("R&R") recommending that this Court dismiss the Complaint sua sponte for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 32)  No party has objected to the R&R.

        For the reasons set forth below, this Court will adopt the R&R and dismiss the Complaint with leave to amend.

## BACKGROUND

The Complaint was filed on May 18, 2023, and names as defendants The Plaza Rehabilitation and Nursing Center; "[d]ietary supervisor" John Taylor; "[d]ietary aide" Ricardo Graham; and "[f]ormer dietary aide" Crystal Roebuck. (Cmplt. (Dkt. No. 1) at 3-4) Plaintiff checked the box for "federal question jurisdiction" on her form complaint, and alleges that Defendants violated her "right[s] that protect[] [her from] race, age, gender, and anti-discrimination." (Id. at 2)

In support of Plaintiff's claims of discrimination, the Complaint states the following:

> I quit recently due to fear of my supervisor John Taylor attempting to punch me my [sic] face on February 21, 2023 at 11:58am. I have been shamed everyday, especially while I'm walking away. My supervisor doing this also, enlightened the staff to join in on the abuse. I have not been able to sleep properly, I cry, I overeat and some days I don't. This traumatized me and affected my everyday life. It's so humiliating and I'm in shock that this has happened. I was sent home after being told "we don't want to see you anymore." This set off my anxiety and gave me clinical depression. I was already being accused of having depression, I have been body shamed, accused of getting surgery, saying I sit alone because I sniff drugs. I'm terrified of John Taylor he [sic] has told me not to speak while I wasn't talking. The coworkers say "she sleeps with him that's why she lets him talk to her like that." The coworkers have also been badgering me while I walk away, or s [sic] since the supervisor does it. There's a coworker who bring [sic] up a close deceased relative in an attempt to match the anger he has for not sleeping with him. Ricardo Graham told the entire staff building that I'm having sexual relations with him. His coworker, aunt or friend Dorian White also corroborates his story because this is every single day. I have never seen these people outside of the job, and I have barely spoken to them while working there. I was shamed while wearing fitting clothes, I tried to wear bagging [sic] to take the unwanted attention off my body. My final months before I quit after my supervisor trying to physically punch me, their [sic] was a rumor of me having depression and suicidal. I'm not suicidal and I care about my reputation and my mental health. I have been shamed every single day, he cannot stop, I'm not sure why. I'm very frightened by him, I would have never expected he would attempt to assault me.

(Id. at 5)

The Complaint does not allege that Plaintiff was employed by Defendant Plaza Rehab and Nursing Center, nor does it allege Plaintiff's race and age.

Attached to the Complaint is a March 10, 2023 right-to-sue letter from the United States Equal Employment Opportunity Commission (the "EEOC") stating that the agency "is closing this charge because the facts alleged in the charge fail to state a claim under any of the laws enforced by the EEOC." (Dkt. No. 1-1)

On May 31, 2023, the Court granted Plaintiff's application to proceed in forma pauperis. (Dkt. No. 3) This Court referred the case to Judge Moses for general pretrial supervision on August 24, 2023. (Dkt. No. 13)

In an October 3, 2023 letter, Defendants requested permission to file a motion to dismiss for failure to state claim. (Dkt. No. 19)[1]

On October 4, 2023, Plaintiff filed a notice of motion "asking the court for compensation." (Dkt. No. 23) Plaintiff also submitted a declaration that includes additional factual allegations regarding her claims of workplace discrimination. (Dkt. No. 24) In her declaration, Plaintiff states that she has been "called mentally slow, a gay man, a prostitute, and I've been told to kill myself"; that her supervisor – presumably Defendant Taylor – screamed, "you're not supposed to be here on earth" when Plaintiff returned to work after a suspension; that her supervisor "called [her] Spanish pretending to be black"; that when she went to the gym, her supervisor "would tell people coworkers [sic] that I've gotten surgery"; and that the "majority of remarks" made by Plaintiff's supervisor "were said while he would stare at my back." (Pltf. Decl. (Dkt. No. 24) at 1-2)

---

[1] In their letter, Defendants state that Plaintiff was employed at The Plaza Rehab & Nursing Center as a dietary aide, and that she was born in January 1998. Defendants also use the pronouns "she" and "her" in referring to Plaintiff. (Id. 1-2 & n.1)

3

In an October 10, 2023 order, Judge Moses described the federal pleading standards and advised Plaintiff that the Complaint's allegations are "insufficient to state plausible claims of discrimination." (Oct. 10, 2023 Order (Dkt. No. 28) at 2)  In this regard, Judge Moses notes that

> although plaintiff alleges that she was subjected to discrimination based on her age, race, and gender, the Complaint does not state her age (including whether she is over 40) or identify her race.  Nor does plaintiff allege that she was subject to any adverse employment action "under circumstances giving rise to an inference of discrimination" based on a protected characteristic.

(Id. at 3)  Judge Moses granted Plaintiff leave to amend and directed her to do so by November 9, 2023.  (Id.)  Judge Moses later extended the deadline to December 11, 2023.  (Dkt. No. 30)

To date, Plaintiff has not filed an Amended Complaint or otherwise responded to Judge Moses's orders.

In a December 18, 2023 R&R, Judge Moses recommends that this Court dismiss the Complaint sua sponte for failure to state a claim.  (Dkt. No. 32)  Plaintiff has not filed any objections to the R&R.

## DISCUSSION

I.  **LEGAL STANDARDS**

   A.  **Review of Magistrate Judge's Report & Recommendation**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a party may submit objections to the magistrate judge's R&R.  Any objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).  "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the

4

recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

> Where a timely objection has been made to a magistrate judge's R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (second alteration in Phillips).  "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, [courts] will review the Report strictly for clear error."  IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections

are merely perfunctory responses, . . . 'rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

### B. Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint[,]" Kassner, 496 F.3d at 237 (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests," Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish an entitlement to relief]." Iqbal, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) and Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the

document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

A "pro se complaint ... [is] interpret[ed] ... to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam)). "However, although pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder v. U.S. Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even where a plaintiff is proceeding pro se. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

Where a plaintiff is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); see also Williams v. Rosenblatt Sec., Inc., No. 14 CIV. 4390 JGK, 2014 WL 3765757, at *1 (S.D.N.Y. July 30, 2014) ("The Court has the authority to screen sua sponte an [in forma pauperis] complaint at any time and must dismiss the complaint, or portion thereof, that . . . fails to state a claim upon which relief may be granted . . . .").

7

## II.     THE REPORT & RECOMMENDATION

As noted above, the Complaint asserts claims for age, race, and gender discrimination.  (Cmplt. (Dkt. No. 1))  Judge Moses recommends that this Court dismiss the Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 12(b)(6) for failure to state a claim.  (R&R (Dkt. No. 32) at 1)

Plaintiff has not filed objections to the R&R.  Accordingly, this Court reviews Judge Moses's recommendations for clear error.

### A.     Applicable Law

The Age Discrimination in Employment Act ("ADEA") prohibits "discrimination in employment on the basis of age against persons aged 40 or older."  D'Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194 (2d Cir. 2007).  To establish a prima facie case of discrimination, "a plaintiff must show membership in the protected age group, qualifications for the jobs at issue, an adverse employment action, and that the adverse action occurred under circumstances giving rise to an inference of discrimination."  Id. at 195

To establish a prima facie case of race or gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the plaintiff must show: "(1) [s]he is within a protected group, (2) [s]he is qualified for the position, (3) [s]he was subject to an adverse employment action, (4) and the adverse action occurred under circumstances giving rise to an inference of discrimination based on membership in the protected group."  Tappe v. All. Cap. Mgmt. L.P., 177 F. Supp. 2d 176, 180 (S.D.N.Y. 2001).

"One form of gender discrimination prohibited by Title VII is sexual harassment that results in a 'hostile or abusive work environment.'"  Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998) (quoting Meritor Sav. Bank, FSB v. Vinson, 477

U.S. 57, 66 (1986)).  To prevail on such a claim, Plaintiff "must demonstrate that the conduct occurred because of her sex."  Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002).

> Although the harassment need not take the form of sexual advances or other explicitly sexual conduct in order to be actionable under Title VII, see, e.g., McKinney v. Dole, 765 F.2d 1129, 1138 (D.C. Cir. 1985), the plaintiff is required to establish that the harassment complained of was based on her gender, see, e.g., Meritor Savings Bank, FSB v. Vinson, 477 U.S. at 63-66, 106 S.Ct. at 2403-05; Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1042 (2d Cir. 1993).  In order to show that the allegedly harassing conduct was motivated by gender, or that "gender played a motivating part in an employment decision," a female plaintiff must show that one of the reasons for the harassment or the decision was that she "was a woman."  Price Waterhouse v. Hopkins, 490 U.S. 228, 250, 109 S.Ct. 1775, 1790-91, 104 L.Ed.2d 268 (1989) (plurality opinion) (discussing disparate treatment).

Galdieri-Ambrosini, 136 F.3d at 289.

### B. Analysis

Judge Moses recommends that Plaintiff's age discrimination claim be dismissed, because Plaintiff "does not allege that she is 'aged 40 or older," and because Plaintiff does not "allege any facts suggesting that she was discriminated against based on her age."  (R&R (Dkt. No. 32) at 5)  Judge Moses likewise recommends that Plaintiff's race and gender discrimination claims be dismissed, because she "does not identify her race (or even her gender), and does not explain what if any adverse employment action she experienced because of her race or gender."  (Id. at 6)

This Court finds no error in Judge Moses's recommendations.  Neither the Complaint nor Plaintiff's supplemental declaration filed on October 4, 2023 (Dkt. No. 24) state Plaintiff's age or race.  There is thus no basis for this Court to conclude that Plaintiff falls within the groups protected by the ADEA or Title VII.  And while the Complaint includes some factual allegations suggestive of a hostile work environment claim, it contains no allegations suggesting that the conduct occurred "because of" Plaintiff's race, age, or gender.  Alfano, 294 F.3d at 374.

Judge Moses twice directed Plaintiff to amend her Complaint to cure these deficiencies (see October 10, 2023 Order (Dkt. No. 28); November 16, 2023 Order (Dkt. No. 30)), but she failed to do so.

Given these circumstances, the Complaint will be dismissed for failure to state a claim.

## CONCLUSION

For the reasons stated above, the R&R is adopted and the Complaint is dismissed. Any motion for leave to file an amended complaint will be filed by July 31, 2024. The proposed amended complaint is to be attached as an exhibit to the motion. If no motion to amend is filed by July 31, 2024, the Clerk of Court will be directed to close this case.

Dated: New York, New York
       July 12, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge